HERCULES INC., PLAINTIFF v. UNITED STATES, DEFENDANT, AND SOCIETE NATIONALE DES POUDRES ET EXPLOSIFS, DEFENDANT-INTERVENOR.

Court No. 83–7–00951; Court No. 83–4–00599

Before CARMAN, *Judge.*

(Decided March 4, 1985)

Dow, Lohnes & Albertson (*William Silverman, John C. Jost, Edward M. Lebow,* and *Margaret B. Dardess* on the motion) for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*J. Kevin Horgan* on the motion) for the defendant.

Busby, Rehm & Leonard, P.C. (*Will E. Leonard* and *Roger D. Taylor* on the motion) for the defendant-intervenor.

CARMAN, *Judge:* This case is currently before the Court on defendant's motion to dismiss Court No. 83–4–00599 (*Hercules I*). The plaintiff had originally filed the action on April 19, 1983, to contest negative and affirmative aspects of a final affirmative countervailing duty determination regarding the importation of industrial nitrocellulose from France.[1] *See* 48 Fed. Reg. 11,971 (1983). Subsequently however, plaintiff amended its complaint by deleting Count One and the corresponding relief requested which sought judicial review of the affirmative findings of the final determination made by the United States Department of Commerce (Commerce). The affirmative findings, nevertheless, became the subject of a separate action, Court No. 83–8–00941 (*Hercules II*), commenced by plaintiff on June 29, 1983, following the publication by Commerce of a countervailing duty order on June 10, 1983. *See* 48 Fed. Reg. 28,521 (1983). On October 3, 1984, this Court allowed plaintiff's motion for leave to amend the complaint in the second case, resulting in plaintiff's challenges to the negative aspects of Commerce's final determinations falling under the purview of the Court in *Hercules II*. The issues of law and fact raised in *Hercules I* are therefore substantially replicated in *Hercules II*. Accordingly, the Court

---

[1] The negative aspects challenged were primarily Commerce's findings that certain governmental practices did not constitute subsidies, while the challenge to the affirmative findings was that Commerce undervalued the ad valorem amount of a particular subsidy. The negative and affirmative findings are both part of the countervailing duty determination which is nominally styled in the affirmative.

determines that the defendant's motion to dismiss *Hecules I* should be granted.

## OPINION

Prior to the Court's allowance of plaintiff's motion to amend the complaint in *Hercules II,* intervenor[2] submitted a memorandum opposing such amendment on the basis that the Court lacked submect-matter jurisdiction over the added claims. Intervenor argued, under 19 U.S.C. § 1516(a)(2)(A)(ii) (1982), that any challenges to an affirmative determination by Commerce must be commenced within 30 days after publication of the countervailing duty order. Intervenor further urged that such a civil action is barred unless commenced within 30 days after publication of the order in the *Federal Register* pursuant to 28 U.S.C. § 2636(c) (1982).

In *Hercules II,* there was no jurisdictional defect as alleged by Intervenor. Jurisdiction inhered over the action when plaintiff filed its summons in a timely fashion. *See Jernberg Forgings Co. v. United States,* 7 CIT 62, Slip Op. 84–17, at 3 (Mar. 8, 1984). Although 28 U.S.C. § 2636(c) "specifies the applicable statute of limitations," *Jernberg,* Slip Op. 84–17, at 3, 19 U.S.C. § 1516(a)(2)(A)(ii) provides that an action is commenced "by filing a summons, and within thirty days thereafter a complaint." The plaintiff filed its summons on June 29, 1983, well within the 30-day period following the June 10, 1983 countervailing duty order.

The summons contested "Commerce's countervailing duty order based on its final countervailing duty determination with regard to imports of industrial nitrocellulose from France." The language put the defendant on notice that the plaintiff was seeking judicial review of Commerce's countervailing duty determinations which contained both negative and affirmative aspects. As reasoned by the Court of Appeals for the Federal Circuit in *Bethlehem Steel Corp.* v. *United States,* 742 F.2d 1405 (Fed. Cir. 1984), where the International Trade Administration (ITA) has found some subsidy of the subject merchandise, the Court of International Trade should review negative and affirmative aspects of a countervailing duty determination together. *See id.* at 1410–11. The appeal should be lodged with the Court following publication of an order, since a finding of no injury by the International Trade Commission (the final requirement before a countervailing duty order can issue) may moot the entire question of duty assessment.[3] *Id.* at 1410.

Certainly a complaint must also be timely filed, but the Court's jurisdiction is not dependent on the particulars of the complaint. *See Jernberg,* Slip Op. 84–17, at 3. Rule 3(a) of the Rules of this Court

---

[2] On November 3, 1983, this Court granted the Motion of Société Nationales des Poudres et Explosifs (SNPE) to intervene in *Hercules II.* SNPE never sought intervention in *Hercules I.*

[3] Although inapplicable here, section 623(a)(3) of the Trade and Tariff Act of 1984, Pub. L. No. 98-573, 98 Stat. 2948, 3040 (amending 19 U.S.C. § 1516a(a)(2)(B)(ii)), now permits "interlocutory" appeal from a final affirmative determination when some part of that determination has specifically excluded any company or product.

states that an action listed in 19 U.S.C. § 1516a(a)(2) is "commenced by filing a summons only." The complaint, which must be filed within 30 days after the filing of the summons, may nevertheless be amended at any time by leave of court under Rule 15(a). Rule 15(c) established that the amendment relates back to the date of the original complaint. In *Hercules II,* plaintiff timely filed its original complaint within 30 days after commencement of the action.

In determining whether to grant leave to amend the complaint, the Court applies the liberal standard of Rule 15(a) that "leave shall be freely given when justice so requires." Under the applicable case law at the time of filing its complaint in *Hercules II,* plaintiff followed what appeared to be an appropriate procedures by not including its claims regarding the negative aspects of Commerce's final affirmative countervailing duty determination. These contestations were, or course, already raised in the *Hercules I* complaint. This bifurcated approach, separating a challenge to the ITA's finding that certain governmental practices were not subsidies (a negative determination) from a challenge to an undervaluation of a subsidy (an affirmative determination), was reasonably based on the holdings of this Court in *United States Steel Corp.* v. *United States,* 5 CIT 287, 288 (1983), *vacated as moot,* 7 CIT 48, Slip Op. 84–12 (Feb. 24, 1984) and *United States Steel Corp.* v. *United States,* 5 CIT 272, 273 (1983), *vacated as moot,* 7 CIT 48, Slip Op. 84–12 (Feb. 24, 1984). Justice therefore requires that the plaintiff's right of appeal not vanish as a result of bifurcating its challenge and bringing two separate actions, even if the first case was premature. The summons in *Hercules II* was adequate to establish jurisdiction over all matters relating to the countervailing duty order and the final countervailing duty determination by Commerce. The summons and complaint in *Hercules I* simply amplifies that the defendant was on timely notice regarding the nature of all of the claims being advanced by plaintiff.[4] As judicial economy will be fostered by hearing all of plaintiff's claims together in a single action, *Hercules II,* the defendant's motion to dismiss *Hercules I,* Court No. 83–4–00599, should be, and hereby is, granted.

---

[4] Defendant accepted the position that the summons in *Hercules II* appeared broad enough to encompass all of plaintiff's challenges asserted in *Hercules I.* Defendant's Supplemental Memorandum in Support of Its Motion to Dismiss Court No. 83–4–00599 at 7 (filed Dec. 7, 1983). Accordingly, defendant filed no pleadings in opposition to Plaintiff's Motion to Amend in *Hercules II.*